# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

## CASE NO:

JOAN A. TANOFSKY, and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

      Plaintiff(s),

      v.

AMERICAN PROTECTION PLANS, LLC
d/b/a AMERICAN RESIDENTIAL WARRANTY

      Defendant

_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, JOAN A. TANOFSKY ("Plaintiff") on behalf of herself and all others similarly

situated, files the following Collective Action Complaint for Damages and Demand for Jury Trial

against Defendant, AMERICAN PROTECTION PLANS, LLC, d/b/a AMERICAN

RESIDENTIAL WARRANTY ("Defendant"), and alleges the following:

## INTRODUCTION

1.    Defendant failed to pay Plaintiff and all other similarly situated sales

representatives federal overtime wages pursuant to the Fair Labor Standards Act ("FLSA") during

various workweeks within the previous three (3) years. This action arises under the FLSA,

pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant refused to pay

Plaintiff and all other similarly situated sales representatives as a result of Defendant's unlawful

pay policies.

## PARTIES

2.    During all times material hereto, Plaintiff was a resident of Palm Beach County,

Florida, over the age of 18 years, and otherwise *sui juris*.

3.      During all times material hereto, Defendant was a Florida limited liability company located and transacting business within Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

4.      Defendant is headquartered at 901 Yamato Road, Suite 100E, Boca Raton, FL 33431.

5.      During her employment period, Plaintiff worked for Defendant at its office located at 901 Yamato Road, Suite 100E, Boca Raton, FL 33431 and from her home.

6.      During all times material hereto, Defendant was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff.

7.      During all times material hereto Defendant also managed and controlled Plaintiff and administered Defendant's pay practices.

8.      Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

9.      All acts and/or omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

10.     Defendant regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

11.     Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

12.     Defendant operates a nationwide home appliance warranty company that is based out of Boca Raton, Florida.

13.     Defendant's home appliance warranties provide customers with local handymen to assist with broken or malfunctioning home appliances.

14.     Defendant hired Plaintiff to work as a sales representative at their call center in Boca Raton, Florida, on or about August 2012.

15.     During Plaintiff's employment period, her primary duty was to sell a variety of different home warranties to Defendant's customers.

16.     During her employment period, Plaintiff regularly worked between forty (40) and fifty (50) hours per week.

17.     In or around 2019, Defendant paid Plaintiff $500 per week, plus non-discretionary commissions.

18.     Defendant did not pay Plaintiff, or any other similarly situated sales representative, overtime wages when sales representatives worked more than forty (40) hours per week in 2019.

19.     In or around January 2020, Defendant began to pay Plaintiff $13 per hour, plus non-discretionary commissions.

20.     Beginning in or around April 2020, Defendant began to pay Plaintiff on a commission-only basis.

21.     In or around January 2021, Defendant began paying Plaintiff $15 per hour, plus non-discretionary commissions.

22.     Beginning in or around February 2022, Defendant began paying Plaintiff $16 per hour, plus non-discretionary commissions.

23.     Plaintiff's last day working for Defendant was on or about October 4, 2022.

## NON-DISCRETIONARY COMMISSION COLLECTIVE

24.     During the previous three (3) years, Defendant enacted and enforced a company-wide incentive program which provided non-discretionary commissions to Plaintiff and other similarly situated sales representatives in an effort to encourage and increase work productivity and sales.

25.     Defendant implemented this non-discretionary commission incentive to Plaintiff and similarly situated sales representatives to induce them to work more steadily, more rapidly, and to make more sales.

26.     The non-discretionary commission paid to Plaintiff and similarly situated sales representatives was based upon the number of sales generated by these employees

27.     The non-discretionary commissions paid to Plaintiff and similarly situated sales representatives under this incentive program were required to be included in the calculation of sales representatives' regular hourly rate to determine the applicable overtime wage premium. *See* 29 C.F.R. § 778.211.

28.     During the previous three (3) years, Defendant failed to include non-discretionary commissions when calculating regular hourly rates for sale representatives when they worked more than 40 hours in a workweek.

29.     Accordingly, Plaintiff seeks to represent the following collective of similarly situated employees:

> **All sales representatives employed by Defendant in Florida during the previous 3-years who worked more than 40 hours in a workweek and whose non-discretionary commissions were not included to compute the proper overtime wage premium.**

30.     Collective members are treated equally and similarly in that they were denied proper federal overtime wages as a result of Defendant's unlawful policy which fails to compensate non-exempt sales representatives statutory overtime wages when they work more than forty (40) hours per week and receive non-discretionary commissions.

31.     Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every sales representative who worked in excess of forty (40) hours per week and also earned a non-discretionary commission.

32.     Defendant has employed dozens, and potentially hundreds, of sales representatives throughout Florida who were not paid overtime wages in accordance with the FLSA and pertinent federal regulations.

33.     Plaintiff and the collective members were subjected to the same employment policies during the previous three (3) years.

**FLSA COVERAGE**

34.     Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for it affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

35.     During her employment with Defendant, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, extension

5

cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, head sets, extension cords, masks, boxes, envelopes, hand sanitizer, etc.

36.     Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

37.     Defendant grossed or did business in excess of $500,000.00 in the years 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in the year 2022.

38.     During her employment with Defendant, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA. More specifically, Plaintiff used the interstate telephone system to regularly and recurrently speak with Defendant's customers who resided outside of the state of Florida over the phone. Plaintiff also regularly and recurrently sent and received correspondences to and from Defendant's customers and potential customers outside of Florida during her employment period.

39.     During her employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

40.     During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Non-Discretionary Commission Collective)**

41.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 40 as though set forth fully herein.

42.     Plaintiff alleges this Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

43.     Defendant failed to include non-discretionary commissions paid to sales representatives (including Plaintiff) when Defendant computed overtime wage premiums during the previous three (3) years.

44.     Defendant improperly calculated overtime wage premiums during all times material hereto.

45.     Defendant refused to pay Plaintiff and all other similarly situated employees one-and-one-half times the proper regular hourly rate for all hours worked over forty (40) in one or more weeks of their employment.

46.     Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective for Defendant's failure to pay overtime wages:

> **All sales representatives employed by Defendant in Florida during the previous 3-years who worked more than 40 hours in a workweek and whose non-discretionary commissions were not included to compute the proper overtime wage premium.**

47.     Plaintiff claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that she worked during her employment period.

48.     Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

49.     Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

50.     Moreover, because of Defendant's willful and/or intentional violations of the FLSA, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

WHEREFORE, Plaintiff, JOAN A. TANOFSKY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, AMERICAN PROTECTION PLANS, LLC, d/b/a AMERICAN RESIDENTIAL WARRANTY, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(2019 Violations Solely on Behalf of Plaintiff)**

51.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 40 as though set forth fully herein.

52.     Plaintiff alleges this claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

53.     Defendant paid Plaintiff a salary plus commissions in 2019; however, Defendant failed to pay Plaintiff overtime wages when she worked in excess of forty (40) hours per week in 2019.

54.     Plaintiff was a non-exempt employee in 2019.

55.     Plaintiff worked more than forty (40) hours per week during the relevant time period in 2019.

56.     Plaintiff claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that she worked in 2019.

57.     Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

58.     Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

59.     Because Defendant willfully and/or intentionally violated of the FLSA, the statute of limitations should be three (3) years as opposed to two (2) years.

WHEREFORE, Plaintiff, JOAN A. TANOFSKY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, AMERICAN PROTECTION PLANS, LLC, d/b/a AMERICAN RESIDENTIAL WARRANTY, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOAN A. TANOFSKY, demands a trial by jury on all appropriate claims.

**Dated: October 28, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE S. BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 28, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: