**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO: 9:22-cv-81657-RAR**

JOAN TANOFSKY, on behalf of
herself and all others similarly
situated,

    Plaintiffs,

v.

AMERICAN PROTECTION PLANS,
LLC d/b/a AMERICAN RESIDENTIAL
WARRANTY,

    Defendant.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE

Representative Plaintiff, JOAN TANOFSKY ("Representative Plaintiff" or "Tanofsky"), and the Opt-In Plaintiffs, and Defendant, AMERICAN PROTECTION PLANS, LLC d/b/a AMERICAN RESIDENTIAL WARRANTY ("Defendant") (Plaintiff and Defendant collectively "the Parties") by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice, as follows:

### I.    FACTUAL BACKGROUND

Defendant operates a nationwide home appliance warranty company that is based out of Boca Raton, Florida. *See* D.E. 1. Plaintiff, Tanofsky, is a former Sales Representative who was employed by Defendant from October 28, 2019, through October 4, 2022. *See* D.E. 1. On October 28, 2022, Tanofsky filed a Collective Action Complaint for Damages and Demand for Jury Trial against Defendant. *See* D.E. 1. The Collective Action Complaint alleges that Defendant violated the federal overtime provisions of the Fair Labor Standards Act ("FLSA") because Defendant failed to include non-discretionary commissions when calculating regular hourly rates for Sales Representatives when they worked more than 40 hours in a workweek. *Id.* Tanfosky alleges that several Sales Representatives within the past 3 years were harmed by these practices and policies.

As a result of these alleged policies and practices, Tanofsky alleged the existence of Non-Discretionary Commission Collective. *Id.*

Defendant filed its Answer and Affirmative Defenses on December 7, 2022, and vehemently denies that any violations were committed. *See* D.E. 24. Plaintiff filed her Motion for Conditional Certification of Collective Action Pursuant to 29 U.S.C. 216(b) on December 11, 2022. *See* D.E. 27. Defendant filed its Motion for Summary Judgment and Incorporated Memorandum of Law on January 3, 2023. *See* D.E. 39. That same day, Defendant filed its Response in Opposition to D.E. 27. *See* D.E. 42. Plaintiff filed her Expedited Motion to Deny Defendant's Pre-Discovery Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) or, in the Alternative, to Defer Considering the Motion Until Plaintiffs Are Afforded the Opportunity to Engage in Meaningful Discovery on January 10, 2023. *See* D.E. 47. Plaintiff also filed her Reply in Support of D.E. 27 on January 10, 2023. *See* D.E. 48. After *significant* litigation of these issues, the Parties conferred and agreed to engage in negotiations concerning resolution of D.E. 27. *See* D.E. 52.

On March 3, 2023, the Parties filed their Joint Notice of Filing Proposed Order Granting D.E. 27. *See* D.E. 62. The Court entered an Order granting conditional certification on March 8, 2023. *See* D.E. 63. During the 45-day opt-in period provided by the Court's Order, a total of twenty-one (21) individuals opted-in to this lawsuit, including the Representative Plaintiff.

Since expiration of the opt-in period, the Parties have engaged in an extensive amount of document production and review. Defendant produced hundreds of pages of time records and payroll records which are relevant to the core issues in this case. These records resulted in both sides creating damage models which required the other side to evaluate the true strengths and weaknesses of their respective factual and legal positions. These damage models were exchanged, evaluated, critiqued, and refined as more information was shared and exchanged by the Parties. Ultimately, these negotiations revealed that all sides had significant risks and variability in potential outcomes. Throughout the process the Parties have engaged in good-faith arm's length settlement negotiations.

Given the bona fide factual and legal disputes that exist, the Parties have negotiated a settlement agreement ("the Agreement") through counsel and have reached an accord on all material terms. The Agreement affords collective-wide relief and was negotiated over a period of several weeks with Counsel for the Collectives keeping the Settlement Collective timely informed

of the negotiations. The negotiations were focused both on the representations of the Settlement Collective and the data in the relevant documentation. Under the Agreement, Plaintiffs will receive a substantial portion of the contested unpaid wages, and liquidated damages currently claimed to be owed. Each member of the Collective has approved the portion of the Settlement they will receive. A copy of the fully executed settlement agreement is being contemporaneously provided to chambers. The settlement reached in this case provides Plaintiffs with fair and reasonable compensation for their FLSA claims. Moreover, the settlement reached in this case **does not** include overly broad or pervasive releases applicable to the Collectives. Indeed, the Plaintiffs are only waiving FLSA wage-related claims. Counsel for the Collective is being compensated reasonable attorney's fees separate and apart from amounts paid the Collective. A full accounting of the reasonable hourly rates and extent of hours billed has been provided to the Court for review along with declarations concerning Counsel for the Collective's background and experience. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

## II. SUMMARY OF THE SETTLEMENT TERMS

Attached as **Exhibit A** is Fully Executed Settlement Agreement with notices of acceptance attached thereto. Plaintiff's counsel has also submitted the full lodestars for all time-keepers in this case. Plaintiffs are current and former Sales Representatives who worked for Defendant from October 2019, through the present. In exchange for a full and final release of only wage-related claims (conditioned on Court approval of the Agreement), Defendant has agreed to pay a total settlement amount as indicated in the Settlement Agreement and Release to the Settlement Collective and to Counsel for the Collectives. *See* **Exhibit A**.

The amount each member of the Collective will receive is indicated in a spreadsheet on **Exhibit A** attached to the Settlement Agreement. The Parties separately negotiated fair and reasonable attorney's fees based on the amount of time expended and the complexity of the litigation. Notably, a significant amount of litigation occurred in the early part of 2023, including a Motion for Summary Judgment, a fully briefed Motion for Conditional Certification, and Expedited Motion to Deny Defendant's Pre-Discovery Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d), or, in the Alternative, to Defer Considering the Motion Until Plaintiffs Are Afforded the Opportunity to Engage in Meaningful Discovery. *See* D.E. 27; D.E. 39; D.E. 42; D.E. 47; D.E. 48. The attorney's fees and costs do not impact and were negotiated without regard

to the amounts paid to Plaintiffs. The Parties agree that the attorney's fees and costs are a fair and reasonable amount, have been voluntarily reduced by Plaintiff's counsel, and were necessary for the successful prosecution of this action. Plaintiff's lead counsel, Jordan Richards, Esq. billed a reasonable hourly rate of $395.00 per hour. *See* Declaration of Jordan Richards, Esq. attached as **Exhibit B**. Associate attorneys working on this case billed a reasonable hourly rate of $275.00 per hour. *Id.* Law Clerks working on this case billed a reasonable hourly rate of $150.00 per hour. *Id.* Defendant does not oppose Counsel for the Collective's recovery of fees or expenses and do not object to the reasonableness of Plaintiff's fees and costs or that they were necessary for prosecution of this action.

### III.  MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc., 679 F.2d at 1353-55; *see also* Wicklow v. Belcarra, Inc. et al., S.D. Fla. Case No. 0:21-cv-60370-WPD, D.E. 18 (S.D. Fla. April 27, 2021); *see also* Mercado v. Snyder., 2015 WL 11142629 at *1 (S.D. Fla. Dec. 11, 2015) (Rosenberg, J.); *see also* Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the District Court is permitted to review and approve the settlement

in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

When scrutinizing the fairness of a settlement for a collective under the FLSA, final certification or decertification is not necessary in order to approve the settlement. *See, e.g.,* Huff v. Bobcat North America, LLC, 2021 WL 268356 at *2 (M.D. Fla. 2021) *citing* Ortiz v. Metters Indus., Inc., M.D. Fla. Case No. 6:17-cv-1879-PGB-DCI; *see, also,* Campbell v. Pincher's Beach Bar Grill, Inc., 2017 WL 2700629 at *1-2 (M.D. Fla. 2017) (final certification of FLSA collective not necessary when approving settlement).

Here, the Parties respectfully submit that the resolution of federal overtime wage claims is fair and reasonable. Final certification of the collectives is not necessary at this stage. Without admitting any liability as to the alleged wage violations, Defendant agrees to pay members of the Collectives an amount disclosed in the Settlement Agreement and Release. *See* **Exhibit A**. The Parties stipulate, for purposes of settlement only, that these amounts are in excess of the unliquidated damages alleged to be owed to the collective. If Plaintiffs had proceeded to trial, a jury could have determined that Plaintiffs were not entitled to any damages. On the other hand, if the Parties had proceeded to trial, a jury could have determined that Plaintiffs were entitled to damages, and the Court may have awarded liquidated (double) damages following the trial. In order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See* Davidson v. Golden Bay Towers, Inc., 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability).

"The language of the statute contemplates that the wronged employee should receive her full wages plus the penalty without incurring any expense for legal fees or costs." *See, e.g.,* Zelaya v. Cargo Logistics Group USA LLC, 2017 WL 283259 at *3 (S.D. Fla. 2017). Furthermore**,** a defendant's vigorous defense of an FLSA case regularly contributes to the price tag on a prevailing Plaintiff's attorney fee award. *See, e.g.,* Powell v. Carey Intern., Inc., 547 F.Supp.2d 1281, 1297 (S.D. Fla. 2008) (Strategy implemented by the Defendants necessarily required Plaintiff's counsel to expend more time and effort which drives up the ultimate charge of attorney's fees billed to an FLSA defendant resulting in award of $88,000.00 in attorney's fees); *see, also,* James v. Wash Depot, Inc., 489 F.Supp.2d 1341, 1354 (S.D. Fla. 2007) (Dimitrouleas, J.). Here, the attorney's fees and costs payable to Plaintiff's counsel under the settlement agreement were negotiated

separately only after the Collective was to receive a substantial portion of their unpaid wages. In light of the hotly contested issues earlier in this case, along with counsel for Plaintiff's voluntary reduction of attorney's fees sought, the Parties stipulate that the attorney's fees and costs payable to Plaintiff's counsel under the settlement agreement is fair and reasonable.

The undersigned counsel, who are very experienced in collective and class action wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Moreover, the undersigned counsel voluntarily exchanged documents and believe Plaintiffs are being paid a substantial portion of the wages and liquidated damages allegedly owed. In addition, the attorney's fees and costs that are payable to Plaintiff's counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in Lynn's Food Stores, Inc., 679 F.2d at 1353. Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter in light of the various contested issues.

## IV.  CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA wages, and request that this Honorable Court approve the Settlement Agreement, enter a dismissal of all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for forty-five (45) days.

**Dated this 9th day of June 2023.**

Respectfully submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS –** <br> **JORDAN RICHARDS PLLC** <br> 1800 SE 10th Ave. Suite 205 <br> Fort Lauderdale, Florida 33316 <br> (954) 871-0050 <br> *Counsel for Plaintiffs* | **NELSON MULLINS** <br> **RILEY & SCARBOROUGH LLP** <br> 2 South Biscayne Blvd. 21st Floor <br> Miami, Florida 33131 <br> *Counsel for Defendant* |
| By: */s/ Jordan Richards* <br> JORDAN RICHARDS, ESQ. <br> Florida Bar No. 108372 <br> jordan@jordanrichardspllc.com | By: */s/ Justin Kaplan* <br> JUSTIN B. KAPLAN, ESQ. <br> Florida Bar No. 33725 <br> justin.kaplan@nelsonmullins.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was served by CM/ECF on all parties listed below on this 9th day of June 2023.

By: /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**JUSTIN B. KAPLAN, ESQ.**
Florida Bar No. 33725
NELSON MULLINS
RILEY & SCARBOROUGH LLP
2 South Biscayne Blvd. 21st Floor
Miami, Florida 33131
*Counsel for Defendant*